**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| MELANIE HEIDGER, *individually and on behalf of all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> BAYER CORPORATION, BAYER HEALTHCARE LLC, and BAYER HEALTHCARE PHARMACEUTICALS, INC., and DOES 1 through 10, <br><br> Defendants. | Case No.   22-cv-00894 <br><br> **JURY TRIAL DEMANDED** |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendants Bayer Corporation, Bayer Healthcare LLC, and Bayer Healthcare Pharmaceuticals, Inc. (collectively "Bayer") hereby remove the above-captioned action from the Circuit Court for St. Louis County, Missouri (where this action bore the case number Case No. 22SL-CC03352) to the United States District Court for the Eastern District of Missouri, Eastern Division.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332(d), 1441, and 1453.

In further support of this Notice of Removal, Bayer states as follows:

**PROCEDURAL HISTORY**

1.      On July 18, 2022, Plaintiff Melanie Heidger, on behalf of herself and all others similarly situated in Missouri, filed the removed case, *Heidger v. Bayer Corporation et al.*, Case No. 22SL-CC03352, in the Circuit Court for St. Louis County, Missouri, which is within the jurisdiction and venue of the United States District Court for the Eastern District of Missouri, Eastern Division.  A true and correct copy of the state court docket in Case No. 22SL-CC03352

is attached as **Exhibit A**, along with a true and correct copy of the Petition and a true and correct copy of the Summons that issued.

2.      Exhibit A constitutes all the process, pleadings, and orders that have been served upon Bayer in connection with Case No. 22SL-CC03352, in the Circuit Court for St. Louis County, Missouri.  No other documents are on file in the state court as of the date of this removal notice.  *See* Local Rule 2.03.

### NATURE OF THE REMOVED ACTION

3.      Plaintiff is Melanie Heidger, who alleges she is a resident of Missouri.  Ex. A, Petition ¶ 7.

4.      Defendant Bayer Corporation is an Indiana corporation with its principal place of business in New Jersey.[1]  Defendant Bayer HealthCare LLC is a Delaware company with its principal place of business located in New Jersey.  *Id.* ¶ 10.  None of the members of Bayer HealthCare LLC are citizens of the State of Missouri.  Defendant Bayer HealthCare Pharmaceuticals Inc. is a Delaware corporation with principal place of business in New Jersey.  *Id.* ¶ 11.

5.      Plaintiff alleges that Bayer improperly advertises certain of its Alka-Seltzer cold and flu products as "Non-Drowsy."  *Id.* ¶ 1.  In particular, Plaintiff brings claims related to her and other Missouri residents' purchases of Alka-Seltzer products that both contain dextromethorphan hydrobromide and have been marketed as Non-Drowsy (the "Products").  *Id.* n.1 & ¶ 16.  According to Plaintiff, it is misleading for Bayer to advertise the Products as Non-

---

[1] Although the Petition alleges that Bayer Corporation has headquarters located at 100 Bayer Road, Bldg. 4, Pittsburgh, PA, 15205, Bayer Corporation's headquarters are actually located at 100 Bayer Boulevard, Whippany, NJ 07981.  *See* Bayer Global, Contact, USA, https://www.bayer.com/en/contact-us.  Bayer is willing to submit a declaration to this effect to the extent this fact is disputed in Plaintiff's opposition.

Drowsy because dextromethorphan hydrobromide is "scientifically proven to cause drowsiness." *Id.* ¶ 1.

6.     Plaintiff has brought claims against Bayer for (i) breach of warranty, (ii) breach of implied contract, (iii) unjust enrichment, and (iv) violation of the Missouri Merchandising Practices Act. *Id.* ¶¶ 80–115.

7.     Plaintiff's claims are on behalf of herself and a putative class of "[a]ll Missouri citizens who purchased the Products during the Class Period in Missouri," meaning all Missouri citizens who purchased the Products from July 18, 2017, to July 18, 2022. *Id.* ¶ 16.

8.     Plaintiff requests compensatory damages, restitution, disgorgement, attorneys' fees, and unspecified injunctive relief. *Id.* at 19–20 & ¶ 107.

## VENUE

9.     Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing St. Louis County, Missouri, the location where the state court case was pending.

## REMOVAL IS TIMELY

10.     Plaintiff served the Petition on Bayer on July 27, 2022.

11.     Removal is timely under 28 U.S.C. § 1446(b) because this notice of removal was filed on August 25, 2022, which is within 30 days of service of the Petition.

## BASIS FOR REMOVAL

12.     A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). As set forth below, this Court has original jurisdiction over Plaintiff's claims under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Bayer also invokes all other grounds for removal that exist

under applicable law.  The action therefore is removable to this Court under both 28 U.S.C.

§ 1441 and § 1453.

13.     Under CAFA, federal jurisdiction exists over class actions where (i) minimal

diversity exists (i.e. where at least one member of a putative class of plaintiffs is a citizen of a

State different from at least one defendant), 28 U.S.C. § 1332(d)(2)(A); (ii) there are at least 100

putative class members, *id.* § 1332(d)(5)(B); and (iii) there exists an amount in controversy of at

least $5 million, exclusive of interests and costs, *see id.* § 1332(d)(6).  This action satisfies

CAFA's requirements.

14.     This case qualifies as a "class action" under CAFA.  CAFA defines a "class

action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar

State statute . . . authorizing an action to be brought by 1 or more representative persons as a

class action."  28 U.S.C. § 1332(d)(1)(B).  Plaintiff alleges that the case is an "asserted class

action" that "comports with Missouri Supreme Court Rule 52.08."  Ex. A, Petition ¶ 15.

Missouri Supreme Court Rule 52.08 is titled "Class Actions" and is similar to Federal Rule of

Civil Procedure 23.  *Compare* Missouri Sup. Ct. R. 52.08 *with* Fed. R. Civ. P. 23.

15.     The minimal diversity requirement is met here.  Plaintiff is a citizen of Missouri

and the Bayer defendants are not citizens of Missouri.  *See* Ex. A, Petition ¶ 7 ("Plaintiff Melanie

Heidger is a citizen and resident of St. Louis County, Missouri."), *supra* n. 1 (Bayer Corporation

is an Indiana corporation with principal place of business in New Jersey), Ex. A, Petition ¶ 10

(Bayer HealthCare LLC is a Delaware company with principal place of business in New Jersey,

and has no members that are citizens of Missouri), *id.* ¶ 11 (Bayer HealthCare Pharmaceuticals

Inc. is a Delaware corporation with principal place of business in New Jersey).

16.     CAFA's numerosity requirement is satisfied as well.  Plaintiff has alleged claims

on behalf of a putative class of "[a]ll Missouri citizens who purchased the Products during the

Class Period in Missouri," meaning all Missouri citizens who purchased the Products between

July 18, 2017, and July 18, 2022.  Ex. A, Petition n.1 & ¶ 16.  Plaintiff alleges that the class

"includes thousands of individuals on a statewide basis."  *Id.* ¶ 17.  Thus, the proposed class

exceeds 100 people.

17.     CAFA's amount-in-controversy requirement is met as well.  To determine the

amount-in-controversy, "the claims of the individual class members shall be aggregated to

determine whether the matter in controversy exceeds the sum or value of $5,000,000.00,

exclusive of interest and costs."  28 U.S.C. § 1332(d)(6).  To calculate that amount, the district

court must "add[] up the value of the claim of each person who falls within the definition of [the]

proposed class and determine whether the resulting sum exceeds $5 million."  *Standard Fire Ins.

Co. v. Knowles*, 568 U.S. 588, 592 (2013).  When making this calculation, the Court should

determine whether a factfinder "might" conclude, based on the allegations in the operative

pleading, that the damages are over $5 million.  *Pirozzi v. Massage Envy Franchising, LLC*, 938

F.3d 981, 984 (8th Cir. 2019) (where "notice of removal plausibly alleges that the

class *might* recover actual damages, punitive damages, and attorneys' fees aggregating more than

$5 million, then the case belongs in federal court unless it is *legally impossible* for the plaintiff to

recover that much." (internal marks omitted)); *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887

(8th Cir. 2013) ("[W]hen determining the amount in controversy, the question is not whether the

damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude

that they are." (internal marks omitted)).

18.    To satisfy the amount in controversy requirement with a notice of removal, the defendant needs to "include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  "Evidence establishing the amount" is not required to be included with the notice of removal, but instead is required only "when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

19.    Here, the amount in controversy exceeds $5 million.[2]

20.    *First*, Plaintiff seeks damages of over $5 million.  Plaintiff claims that if she "had been aware of the falsity and misleading nature of Defendant's claims regarding the Product," then she "would not have bought the Product."  Ex. A, Petition ¶ 72.  Plaintiff also seeks "institution of a constructive trust disgorging all profits, benefits, and other compensation obtained by Defendant through this inequitable conduct."  *Id.* ¶ 107.  Plaintiff seeks that remedy on behalf of a class of purchasers of Products from July 18, 2017, to July 18, 2022.  *Id.* n.1 & ¶ 16.  Bayer's sales of the Products in Missouri exceeded $5 million during that period.  Thus, because Plaintiff claims that she and other class members would not have purchased the Products, and she is seeking disgorgement of over $5 million of "compensation obtained by Defendant" during that period, this case meets the $5 million amount in controversy requirement.  *See Pirozzi*, 938 F.3d at 984 (so long as "notice of removal plausibly alleges that the

---

[2] For purposes of this Notice of Removal, Bayer has calculated the amount-in-controversy assuming Plaintiff's allegations are true and warrant relief.  Bayer maintains, however, that Plaintiff's allegations are untrue and her claims are meritless. Nothing in this Notice should be interpreted as a waiver or relinquishment of any defense or objection to Plaintiff's Petition. Furthermore, nothing in this Notice should be interpreted to suggest that Bayer believes this case is appropriate for class treatment, which Bayer maintains it is not.

class *might* recover actual damages, punitive damages, and attorneys' fees aggregating more than

$5 million, then the case belongs in federal court" (internal marks omitted)).

21.    *Second*, Plaintiff seeks injunctive relief.  When measuring the value of injunctive

relief for CAFA jurisdictional purposes, in particular, courts in this Circuit have considered the

cost to a defendant of complying with an injunction in determining the amount in controversy.

*See Adams v. Am. Family Mut. Ins. Co.*, 981 F. Supp. 2d 837, 849–51 (S.D. Iowa 2013); *Toller v.*

*Sagamore Ins. Co.*, 588 F. Supp. 2d 924, 930–31 (E.D. Ark. 2008).  Here, the injunctive relief

sought by Plaintiff appears to include corrective changes to the packaging of the Products.  *See*

Ex. A, Petition ¶ 78 (alleging that Plaintiff "faces an imminent threat of harm because she will

not be able to rely on Defendant's labels in the future (without relief)").  Changing the Products'

packaging would require Bayer to (1) recall the Products from stores; (2) destroy all of the

Products' packaging; (3) redesign that packaging; (4) redesign any advertising that incorporates

the current packaging; and (5) re-ship the Products to stores with the new packaging.  On

information and belief, this process would cost millions.  *Cf. Fefferman v. Dr. Pepper Snapple*

*Grp., Inc.*, 2013 WL 12114486, at *3 (S.D. Cal. Mar. 12, 2013) (estimating that "the corrective

advertisement campaign would cost Defendants approximately $4,985,000," including the costs

of unused packaging and reclaiming unsold products from retailers).

22.    *Finally*, Plaintiff seeks reasonable attorney's fees, which are potentially available

for claims brought under the Missouri Merchandising Practices Act.  *See* Ex. A, Petition at 19;

Mo. Rev. Stat. § 407.025.1.2(2).  Those attorney's fees may be included as part of the amount-

in-controversy calculation.  *See Pirozzi*, 938 F.3d at 984.

23.     Taken together, the compensatory relief, injunctive relief, and attorneys' fees sought by Plaintiff easily exceed the $5,000,000 amount in controversy. *See Pirozzi*, 938 F.3d at 984 (standard for amount-in-controversy is what plaintiff "might" recover).

24.     Plaintiff's attempt to limit the relief requested by her Petition to less than $5 million does not affect the analysis. The Supreme Court has held that such a stipulation does not defeat CAFA jurisdiction "because a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013). Another judge in this Court recently rejected a similar attempt by Plaintiff's counsel to use a similar stipulation to defeat federal jurisdiction. *See Fischer v. Vital Pharms., Inc.*, 2022 WL 1185153, at *2 (E.D. Mo. Apr. 21, 2022) ("[T]he Supreme Court of the United States specifically rejected this exact argument.").

25.     Bayer therefore has met the requirements to show that CAFA jurisdiction exists, making removal to this Court proper.

26.     Although CAFA contains several exceptions to jurisdiction, "[t]he party seeking remand bears the burden of proof for a CAFA exception." *Hood v. Gilster-Mary Lee Corp.*, 785 F.3d 263, 265 (8th Cir. 2015); *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010) ("Once CAFA's initial jurisdictional requirements have been established . . . the burden shifts to the party seeking remand to establish that one of CAFA's express jurisdictional exceptions.").

27.     It is unlikely that Plaintiff will be able to prove that CAFA's "local controversy" or "home state" exceptions apply.

28.     The local controversy exception applies only when the case involves at least one in-state defendant from whom "significant relief" is sought. 28 U.S.C. § 1332(d)(4)(A)(i)(II).

Here, none of the named defendants is a Missouri citizen. *See supra* n.1 (Bayer Corporation is an Indiana corporation with principal place of business in Pennsylvania), Ex. A, Petition ¶ 10 (Bayer HealthCare LLC is a Delaware company with principal place of business in New Jersey and its members are non-Missouri citizens), *id.* ¶ 11 (Bayer HealthCare Pharmaceuticals Inc. is a Delaware corporation with principal place of business in New Jersey). The local controversy exception thus does not apply.

29.    Likewise, the home state exception can apply where the requirements set forth in 28 U.S.C. § 1332(d)(3) are met. One of those requirements is that the "primary defendants are citizens of the State in which the action was originally filed." *Id.* As discussed above, no defendant is a citizen of Missouri, and so this exception cannot apply.

### NOTICE TO ADVERSE PARTY AND STATE COURT

30.    Pursuant to 28 U.S.C. § 1446(d), Bayer served written notice of removal of this case on Plaintiff's counsel by first-class mail and email:

Daniel F. Harvath, #57599MO
**HARVATH LAW GROUP, LLC**
75 W. Lockwood, Suite #1
Webster Groves, MO 63119
dharvath@harvathlawgroup.com

31.    Pursuant to 28 U.S.C. § 1446(d), Bayer will promptly file a notice of this removal filing with the Clerk of the Circuit Court for St. Louis County, Missouri.

### CONCLUSION

32.    The recitation of Plaintiff's allegations in this Notice is not a concession that Plaintiff's allegations or legal theories have merit. Bayer reserves the right to assert all applicable defenses in this matter and denies that Plaintiff or any member of the putative class is entitled to any relief. By removing this matter, Bayer does not waive and reserves any rights it may have, including, without limitation, all available arguments and affirmative defenses. Bayer

does not concede that class certification is appropriate or that Plaintiff is entitled to any recovery whatsoever.

      33.    Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Bayer hereby removes the above-captioned action from the Circuit Court for St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division.


Dated: August 25, 2022

Respectfully Submitted:

By:   */s/ Christopher M. Hohn*
Christopher M. Hohn, #44124
Thomas R. Groeller, #72822
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101
Telephone: (314) 552-6159
Fax: (314) 552-7000
chohn@thompsoncoburn.com
tgroeller@thompsoncoburn.com


Andrew Soukup, *Pro Hac Vice Forthcoming*
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5066
Fax: (202) 778-5066
asoukup@cov.com

*Attorneys for Defendants*
*Bayer Corporation, Bayer Healthcare*
*LLC, and Bayer Healthcare*
*Pharmaceuticals, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on August 25, 2022, I electronically filed the foregoing Notice to Plaintiff of Removal using the CM/ECF system, and have served via U.S. mail, first class, postage prepaid, the Notice to the following:


Daniel F. Harvath
Harvath Law Group, LLC
75 W. Lockwood, Suite #1
Webster Groves, MO 63119

*Attorney for Plaintiff*

*/s/ Christopher M. Hohn*_____